Opinion
THE COURT.*
Defendant was sentenced to 30 days in jail and a $500 fine after he pleaded guilty to a violation of Vehicle Code sec *Supp. 19 tion 23102, subdivision (a) and admitted two priors. At the time of sentencing, defendant moved that he be enrolled in an alcohol rehabilitation program, pursuant to Vehicle Code section 13352.5, in order to avoid the mandatory three-year revocation of his driving privilege pursuant to Vehicle Code section 13352. The court denied this motion on the basis that the provisions of Vehicle Code section 23102.1, which it believed were inconsistent with those of section 13352.5, deprived it of jurisdiction to exercise its discretion in regard to ordering such enrollment.
On appeal, both defense and prosecution agree in their briefs that the statutes are not in conflict with each other. Sections 23102 and 23102.1 of the Vehicle Code require that a third-time offender such as defendant serve at least 48 hours in jail and pay at least a $275 fine. The sentence in this matter, giving defendant 30 days in the county jail less 22 days credit and a $500 fine plus penalty assessments, was thus entirely proper and defendant does not complain of it.
However, Vehicle Codb section 13352.5 permits the court to additionally order the defendant enrolled in an alcohol rehabilitation program which would permit him to preserve his driving privilege from the otherwise mandatory three-year revocation required by Vehicle Code section 13352.
The court’s refusal to exercise its discretion in considering whether to grant the motion was error.
The order denying the motion for enrollment in an alcohol rehabilitation program is reversed and the case is remanded for the procedures outlined in Health and Safety Code section 11837, subdivision (b). In all other respects, the judgment is affirmed.

 Before Bigelow, Acting P. J., Saeta, J., and Fainer, J.